UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS MAURICIO AREVALO-MONTANO,

Petitioner,

v.

LAURA HERMOSILLO, *et al.*,

Respondents.

Case No. C26-682-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Carlos Mauricio Arevalo-Montano's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkts. #8-10, a Reply, Dkt. #11, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #9.

Petitioner is a thirty-five-year-old citizen of El Salvador. Petitioner entered the United States on September 22, 2023, with his minor daughters due to threats of gang violence in his home country. Petitioner was immediately detained, then released on his own recognizance under the Alternative to Detention ("ATD") program.

In October 2023, Petitioner participated in a credible fear interview and was served a Notice to Appear with a master hearing date of December 12, 2023, in Seattle Immigration Court.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 1

On October 12, United States Citizenship and Immigration Services ("USCIS") confirmed a positive credible fear finding for Petitioner returning to his home country. He subsequently filed an application for asylum, withholding, and relief under the Convention Against Torture, and he applied for work authorization.

Petitioner complied with Immigration and Customs Enforcement ("ICE") check-ins, including monthly in-person check-ins at the Tukwila, Washington ICE office and daily digital check-ins via an app. He gained work authorization and was employed at a Chipotle in Bellevue, Washington, working five days per week. He was an active member of the Duwamish Valley Sustainability Association, participated in school events with his daughters, and has no criminal record.

On October 4, 2024, a hearing on Petitioner's asylum application was held, and Petitioner's asylum application was denied. The immigration judge ordered Petitioner and his family removed to El Salvador. *See* Dkt. #10 at Ex. 4. He appealed this decision, which was dismissed by the Board of Immigration Appeals ("BIA") on February 26, 2025. Petitioner's counsel filed for review of the BIA's decision by the Ninth Circuit, and the Ninth Circuit ordered a stay of removal on April 3, 2025. *See* Dkt. #3 at Ex. E. Throughout this time, Petitioner remained released on his own recognizance under the ATD program.

On November 20, 2025, Petitioner had a required check-in at the Tacoma ICE office at 9:00 AM, but Petitioner was not authorized to leave work early and arrived late, at 3:00 PM. Officers told him that they would mark him as missing his appointment and ordered him to come back to the office the next day. Petitioner arrived the next morning, waited two and half hours before being called, then was told that he was being detained for missing his check-in the day

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 2

before.  He was then transferred to Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

The Government states that Petitioner also missed a required office visit on October 2, 2023, and "had dozens of ATD violations which included tracker missed callbacks, biometric check-ins, and home visit failed violations."  Dkt. #9 at ¶ 11.  Petitioner filed two bond requests in December 2025.  He withdrew the first, and an immigration judge denied the second.  The immigration judge issued a check-box form order that contains an "X" next to "ORDERED No Jurisdiction," "Final Order of Removal," and "Does not meet the 180 day requirement."  *See* Dkt. #10 at Ex. 8.  In alternative, the immigration judge checked an "X" by "OTHER: Conditional Release is: denied."  *Id*.  Petitioner's review before the Ninth Circuit remains pending.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 3

'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025). Furthermore, the Court disagrees with the Government's assertion that Petitioner is subject to mandatory detention under § 1225(b), as he has been released in the United States for years on his own recognizance and has a final removal order.

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was living and working in the United States for years, detained without notice, placed in detention, and remains in custody after no changes to his status undoubtedly deprives him of an established interest in his liberty.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 4

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest in the absence of a pre-detention hearing is high under the particular facts of this case. The Government's contention that Petitioner is "an applicant for admission" and thus subject to § 1225(b) aligns with its "position [that] appears to be that any and all non-citizens not previously admitted to the United States are subject to mandatory detention." *A.C.J. v. Hermosillo*, 2026 WL 73857, at *4 (W.D. Wash. Jan. 9, 2026). Many district courts have found this "selective reading of the statute" unpersuasive and disregarding the plain meaning of the statute. *See id*. (compiling cases). Notably, the issuing officer of Petitioner's 2023 Notice to Appear specifically designated Petitioner as "present in the United States" rather than as "arriving." Dkt. #3 at Ex. A. This second factor also weighs in Petitioner's favor.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has been living in the United States for years, following the rules while waiting for any notice from DHS, and there was no material change in his particular factual circumstances prior to arrest, the Government fails this factor. The Government's reasoning that Petitioner missed check-ins is unconvincing, as the Government provides nothing other than statements that he missed any requirements while Petitioner states that he went to monthly check-ins and "took a picture on an ICE app every day to do a digital check in." Dkt. #2 at ¶¶ 23-24. The Court is unpersuaded by the Government's arguments that Petitioner's release "impose[s] significant fiscal and administrative burdens" that

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 5

"outweigh any marginal benefit given the limited constitutional rights" of Petitioner not being held in detention.[1] Dkt. #8 at 10.  Furthermore, the immigration judge's alternative determination to deny bond that simply checks that "[c]onditional release is: denied" with no reasoning fails to convince this Court of the Government's interest in keeping Petitioner detained.  *See, e.g.,* W.T.M. v. Bondi,  The Court finds that the Government's interest here is low.  *See also E.A. T.-B., supra.*

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby find and ORDERS that Petitioner's habeas petition is GRANTED.  The Court ORDERS that Petitioner shall be released from custody immediately under the conditions of his most recent release order and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate.  Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and shall be noted under Local Rule 7(d)(3).

DATED this 25th day of March, 2026.

_____

Ricardo S. Martinez
United States District Judge

---

[1]  *See also* https://www.ice.gov/features/atd (Jan. 7, 2026) (last visited Mar. 24, 2026) ("The daily cost per ATD-ISAP participant is less than $4.20 per day – a stark contrast from the cost of detention, which is around $152 per day.").

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 6